STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| LUCIANO GODINES individually *and on behalf of others similarly situated* | **COLLECTIVE ACTION UNDER 29 U.S.C.§ 216(b)** |
| *Plaintiff,* | **COMPLAINT** |
| -against- | |
| SRI THAI CORP., (D/B/A AS THIP OSHA) ANON THEPOUYPORN. | |
| *Defendants.* | |

---------------------------------------------------------------X

Plaintiff Godines individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through his attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against SRI THAI CORP., (d/b/a THIP OSHA) (together, hereinafter "SRI THAI CORP.." or "Defendant Corporation") and ANON THEPOUYPORN (each an "Individual Defendant" collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiff is an employee of Defendants SRI THAI CORP., (d/b/a THIP OSHA) ANON THEPOUYPORN. Defendants own, operate or control a Thai Restaurant under the name "THIP OSHA" in Brooklyn, NY.

2) Upon information and belief, Individual Defendant ANON THEPOUYPORN serve or served as owners, managers, principles, or against of Defendants THIP OSHA, and through the corporate entity operates or operated the Thai Restaurant as a joint or unified

enterprise.

3) Plaintiff was an employee of the Defendants. He was primarily employed to perform various duties such as delivery, washing dishes and preparing food at the Thai Restaurant.

4) Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours pay for any day in which he had to work over 10 hours a day.

5) Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

6) Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y. Lab.Law §§ 190 *et seq*.and 650 *et seq*.(the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y.COMP.CODES R.& REGS. tit.12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

7) Plaintiff seeks certification of this action as a collective action on behalf of himself,

individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28 U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

9) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and Defendants operate one Thai Restaurant located in this district. Further, Plaintiff was employed by Defendants in this District.

## PARTIES

*Plaintiff*

11) Plaintiff Luciano Godines ("Plaintiff Godines") is an adult individual residing in Kings County, New York. Plaintiff Godines was employed by the Defendants from approximately on or about April 2017 until March 2020.

*Defendants*

12) Defendants own, operate, or control a Thai Restaurant located at 795 Grand Street, Brooklyn, NY 11211 under the name of THIP OSH, at all times relevant to this complaint.

13) Upon information and belief, SRI THAI CORP., is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 795 Grand Street, Brooklyn NY 11211.

14) Upon information and belief, Defendant ANON THEPOUYPORN is an individual engaging in business with this district during the relevant time. Defendants are sued individually in their capacity as an owner, officer and/or agent of the Defendant Corporations.

15) Defendant ANON THEPOUYPORN possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendants ANON THEPOUYPORN determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

16) Defendants operate a Thai Restaurant establishment in Brooklyn, NY (Kings County).

17) Defendants maintain as their principal place of business a centralized office, located at at 795 Grand Street, Brooklyn NY 11211. Individual ANON THEPOUYPORN possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

18) Upon information and belief, Defendant ANON THEPOUYPORN serve or served as Chairpersons and/or as Chief Executive Officers of Defendant Corporation.

19) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

20) Defendants possess or possessed substantial control over the Plaintiff (and other

similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

21) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201 *et seq*.and the New York Labor Law.

22) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

23) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment and determine the rate and method of any compensation in exchange for Plaintiff services.

24) In each year from 2014 to the present, the Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As example, numerous items, such as soap, brushes and cleaning materials that were used in the Thai Restaurant on a daily basis were produced outside of the state of New York.

*Individual Plaintiff*

26) The Plaintiff was an employee of the Defendants, and was primarily employed to wash dishes, prepare good, deliver food.

27) He seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b).

*Plaintiff Luciano Godines*

28) Plaintiff Godines worked for Defendants from approximately April 2017 until March 2020.

29) Plaintiff Godines' duties included washing dishes, preparing food and making deliveries at the Thai Restaurant, Thip Osha.

30) Plaintiff Godines regularly handled goods in interstate commerce, such as food, vegetables and other items produced outside of the State of New York.

31) Plaintiff Godines' work duties required neither discretion nor independent judgment.

32) Plaintiff Godines worked in excess of 40 hours per week without appropriate overtime compensation from April 2017 until March 2020.

33) From approximately April 2017 until December 2017, Plaintiff Godines worked 6 days per week for approximately 66 hours per week and was paid $80 per day.

34) From approximately January 2017 until March 2020, Plaintiff Godines worked 5 days for approximately 12 twelve hours per day or 55 hours per week. During this time, he received $85 per day as compensation. Plaintiff received an hour of break daily from 3:30pm until 4:30pm the entire time he worked for defendants.

35) Defendants did not provide Plaintiff Godines with any document or other statement accounting for his <u>actual hours worked</u> or setting forth the rate of pay for all of his hours.

36) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Godines regarding overtime and wages as required under the FLSA and NYLL.

37) Defendants did not provide Plaintiff Godines with each payment of wages an accurate

statement of wages, as required by NYLL 195(3).

38) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Godines primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

39) At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all their hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

40) Plaintiff has been victim of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

   a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

   b. Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiff and other delivery workers in violation of New York Labor Law § 196-d (2007).

   c. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants'

violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

    d. Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

    e. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

    f. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

    g. Defendants did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked and setting forth rate of minimum wage and overtime wage.

    h. Defendants did not provide Plaintiff with any break periods.

## FLSA COLLECTIVE ACTION CLAIMS

41) Plaintiff bring his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

42) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in

that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

43) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FLSA COLLECTIVE ACTION CLAIMS

44) Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

45) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

46) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

47) Plaintiff repeat and reallegess all paragraphs above as though fully set forth herein.

48) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class

members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

49) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a)

50) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

51) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52) At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

53) Defendants, in violation of the NYLL, paid Plaintiff than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

54) Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

55) Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

56) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

57) Defendants, in violation of the NYLL § 190 *et seq.*and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

59) Plaintiff (and the FLSA class members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at Time of Hiring

60) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

62) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Accurate Wage Statements

63) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64) Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

65) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from

Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

    b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

    b. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

    c. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

    d. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    e. Awarding Plaintiff and the FLSA class members liquidated damages in an amount

equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

    f. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

    g. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

    h. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

    i. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

    j. Awarding Plaintiff and the FLSA and class members pre-judgment and post-judgment interest as applicable;

    k. Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

    l. All such other and further relief as the Court deems just and proper.

    m. An award of statutory damages for Defendants' failure to provide Plaintiff with

wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

      n.  An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

      o.  An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

      p.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

      q.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 30, 2020

                      STILLMAN LEGAL PC
          By:    /s/LS
                      Stillman Legal, PC
                      42 Broadway, 12th Floor
                      New York, New York 10004
                      Telephone: 1800-933-5620
                      *Attorneys for Plaintiff*